IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ESTATE OF GREGORY WRIGHT  CASE NO. 4:17-CV-002383
Barbara Wright, Administrator
1756 Sharidan Avenue NE Warren,
Ohio 44483

and

BARBARA WRIGHT
1756 Sharidan Avenue NE
Warren, Ohio 44483

                                          JUDGE B. PEARSON

       Plaintiffs,

vs.

TRUMBULL COUNTY BOARD  FIRST AMENDED COMPLAINT
OF COMMISSIONERS  (Jury Demand Endorsed Hereon)
160 HIGH STREET
WARREN, OHIO 44481
and

SHERIFF, TRUMBULL COUNTY
IN HIS OFFICIAL CAPACITY
150 HIGH STREET WARREN,
OHIO 44481
and

PHILLIP MALVASI, D.O.,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
1017 YOUNGSTOWN WARREN RD.
NILES, OHIO 44446 and

DAVID PAPPADA,
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481

and

BENJAMIN BOWKER,
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481

and

TIMOTHY YEAGER,
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481

and

RACHEL HAKE
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481

and

BETHANY LOBDELL
C/O
TRUMBULL COUNTY JAIL
150 HIGH STREET
WARREN, OHIO 44481

    Defendants.

## PRELIMINARY STATEMENT

1. This complaint is for Federal civil rights and state actions resulting from the failure of Trumbull County officials and medical personnel contracted to protect and provide adequate medical care to Plaintiff, Gregory Wright while he was incarcerated at the Trumbull County Jail.

2. The Defendants were deliberately indifferent to the Plaintiff Gregory Wright's serious medical needs causing him both serious and permanent harm in violation of his rights under the Fourth, Eight and Fourteenth Amendment of the U.S. Constitution.

3. Each, and every, allegation and/or statement of fact contained herein is incorporated throughout and within every Count of the Complaint and therefore need not be repetitively stated.

## II
## JURISDICTION

4. Jurisdiction over the claims of the Plaintiffs is conferred on this Court by 28 USC § § 1331, 1332, 1343 (3) an (4).

5. Plaintiffs allege that the Defendants unconstitutional deprivation of Plaintiff Gregory Wright's right to adequate medical care as guaranteed under the Eight and Fourteenth Amendments to the U.S. Constitution constituted violations of 42 USC § § 1981,1983 and 1985.

## III
## PARTIES

6. Plaintiff, GREGORY L. WRIGHT (hereinafter "G. WRIGHT") at all times relevant herein, was a resident of Trumbull County, in the State of Ohio who was incarcerated at the Trumbull County Jail.

7. Plaintiff, BARBARA WRIGHT (hereinafter "B. WRIGHT") was at all times relevant herein the spouse of the G. WRIGHT.

8. Defendant Trumbull County ("hereinafter "Trumbull County") is a political subdivision of the State of Ohio and owns and maintains and has responsibility for the operation of the Trumbull County Jail where the actions and conduct which form the basis of this action occurred.

9. Defendant Sheriff is the elected Sheriff of Trumbull County whose statutory responsibilities include the supervision of the operation of the Trumbull County Jail

(hereinafter the "Jail") including, but not limited to, the creation, development, implementation and adherence to Jail and State of Ohio policies and procedures regarding the training, supervision and discipline of the Jail Staff and the provision of appropriate and adequate medical care to the inmates. The Sheriff is a defendant in his official capacity as Sheriff of Trumbull County.

10. Defendant, Phillip Malvasi, D. O. ("hereinafter "Defendant Malvasi") has on multiple occasions been awarded contracts as a medical provider through a bidding process and is an employee, agent or contractor of Trumbull County and at all times relevant herein was the medical director or person responsible for making County policy with respect to medical policies at the Jail and is a policymaker within the County Jail.

11. Defendant Malvasi was responsible for providing medical services to the inmates of the Jail and for creating, developing and implementing policies and procedures and for training Jail and medical staff on those policies and procedures for the purpose of ensuring that those in the custody of the County receive appropriate and adequate medical care. Defendant Malvasi is a defendant both in his individual and official capacity.

12. Defendants, Benjamin Bowker (hereinafter "Defendant Bowker"), Timothy Yeager (hereinafter "Defendant Yeager") and David Pappada (hereinafter "Defendant Pappada") were, at all times relevant herein, Correction Officers employed by the Trumbull County Sheriffs Department, at the County Jail, where the actions, conduct and omissions of deliberate indifference which form the basis of this action occurred.

13. Defendants Rachel Hake (hereinafter "Defendant Hake") and Bethany Lobdell (hereinafter "Defendant Lobdell"), were at all times relevant herein, individuals employed by Defendant Malvasi as medical assistants who were deliberately indifferent to the medical condition of inmate G. WRIGHT and who failed to provide him with appropriate and adequate medical care.

14. Each Defendant and specifically Defendants, Bowker, Yeager, Pappada,, Hake, Lobdell knew, or should have known, of the substantial and obvious risk of serious harm which could result from the denial of the necessary medical treatment to G. WRIGHT and intentionally and/or recklessly disregarded said risk and are all liable in both their official and/or individual capacity(ies).

15. That the policies and/or customs at the Jail were the moving force and cause of the injuries suffered by G. WRIGHT and B. WRIGHT.

4

16. That the municipal Defendant Trumbull County implemented policies, procedures or customs and failed to provide training and measures adequate for the treatment of inmates with serious medical needs including the life-threatening effects of unassisted drug withdrawal, preexisting medical conditions and the physical and mental emergencies that result therefrom.

17. That affirmative duties are imposed upon Defendant Trumbull County by statute because of the inherent risks associated with the work itself (providing medical treatment to inmates) and as a result constitutes non-delegable duties for which the failure of Defendant Malvasi to perform subjects the County to liability.

18. The conduct, actions and omissions of the Defendants regarding G. WRIGHT constituted a deprivation of his constitutional rights secured by the Fourteenth and Eighth Amendments of the U.S. Constitution and the laws of the State of Ohio.

19. The damages complained of herein were caused by a person(s) acting under the color of state law, pursuant to 42 U.S.C. § 1983.

IV

FACTS

20. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through nine-teen (19), as if fully rewritten herein below.

21. G. WRIGHT, at some time on, or about May 3, 2017, was incarcerated at the Trumbull County Jail in Warren, Ohio.

22. In accordance with the policies and procedures of the Jail G. WRIGHT advised Jail personnel, including the on-site medical staff, of all of his medical conditions and medications.

23. That in accordance with jail policy and "The Minimum Standards for the Jails in the State of Ohio" the Jail had responsibility for the health and care of G. Wright to ensure his medical well-being while incarcerated.

24. That Defendant Trumbull County's Jail and medical personnel despite their awareness of G. WRIGHT's medical condition, his recent hospitalization and his current heroin addiction, failed to ensure that he received appropriate, necessary and reasonable medical care and failed to prescribe the administration of medication which was reasonably and objectively required for a person with his medical condition, while in their care.

25. That G. WRIGHT was not monitored by Defendant Trumbull County's Jail staff or placed in a medically monitored cell block as was warranted by his medical condition and was placed in an unsafe and hazardous environment based upon his medical condition at the time.

26. That on May 5, 2017, at approximately 00:29 hrs. G. WRIGHT was observed by both Defendant Trumbull County's Jail and Medical personnel to be in medical distress and who both (Jail and Medical personnel) failed to take any immediate medically responsible action although being aware that he was experiencing severe medical complications requiring immediate and comprehensive medical care.

27. On May 5, 2017, between the hours of 12:00 and 14:19, while still in the care and custody of the Defendant Trumbull County's Jail, G. WRIGHT was observed, by Defendant Trumbull County Jail staff as non-responsive who nevertheless ignored his medical condition and failed to contact emergency services as was reasonably and objectively necessitated, as documented by their own observations.

28. That Defendant Trumbull County's correction officers arrived at G. Wright's cell in the medical unit of the Jail with a medical bag and defibrillator and lacking the proper training attempted to provide medical care to him while medical department personnel were also present.

29. That on May 5, 2017, Defendant Malvasi despite being under contract to provide 24 hour physician services to inmates in Defendant Trumbull County's Jail the and to provide adequately trained and certified personnel to the Jail was unavailable and unable to provide adequate and necessary medical services and failed to have adequate and competent staffing of the medical department to ensure the medical well-being of the inmates, including G. Wright.

30. That Defendant Trumbull County's Jail personnel on duty, both corrections and medical personnel, were deficient in training to adequately respond to the medical emergency presented by G. WRIGHT despite the clearly established legal obligations placed upon them by the laws of the United States and the State of Ohio.

31. That Defendant Malvasi and the medical Department, under his supervision, at Defendant Trumbull County Jail have a history of negligence and obvious indifference in regard to

the medical conditions of the inmates at Trumbull Jail especially when there is a need for emergency care.

32. That said Defendant Trumbull County's Jail Staff negligently and/or unconstitutionally placed G. WRIGHT in a medically unsafe and hazardous environment and as a result of said Defendants denial and/or refusal to provide the medically prescribe medications and/or treatment G. Wright suffered death and B. WRIGHT has suffered permanent and irreparable damages.

33. That Defendant Trumbull County's Jail personnel on duty, both corrections and medical, subjectively knew of the risks to G. Wright's health, drew the inference that a substantial risk of harm to his health existed and that the said Defendants consciously disregarded the risk.

34. That Defendant Trumbull County's Jail and medical Staff were negligent in the treatment and maintenance of G. Wright's condition and failed to provide him with the adequate medical care he was entitled to under the U.S. Constitution and the laws of the State of Ohio.

35. G. WRIGHT died while in the care and custody of the Defendant Trumbull County Jail who negligently and/or recklessly trained the personnel assigned to care for him by their failing to adhere to Defendant County's own policies and procedures regarding the medical care of inmates.

36. Defendant Trumbull County's Jail and medical staff negligently, recklessly and/or maliciously failed to provide proper and adequate medical care to G. WRIGHT who was in their care and custody and as a result he died and B. WRIGHT suffered damages for which all of the named Defendants are jointly and severally liable.

37. The medical professionals at the jail, Defendants Hake and Lobdell failed to provide competent and reasonable care in a timely fashion although they were both fully aware that G. WRIGHT had serious medical issues that necessitated heightened medical attention, care and treatment.

38. Defendants Hake and Lobdell failed to respond reasonably to the risk of serious and substantial harm that existed to G. WRIGHT even though the seriousness of his need for medical care was obvious, or should have been obvious, so that even non-medical personnel would easily recognize the necessity that he required a doctor's attention.

39. That the grossly inadequate medical care provided to G. WRIGHT by Defendants Hake and Lobdell as well as Defendant Trumbull County's decision to ignore the failure of Defendant Malvasi to comply with the contractual staffing qualifications and specifications set forth in his contract resulted in a greater profit margin for Defendant Malvasi from the contract but adversely impacted the quality of care provided to inmates which medical care was less effective, less efficient and inadequate for the inmates at the Jail.

40. Defendant Trumbull County's supervisory correctional personnel were engaged in the unconstitutional conduct and subject Defendant Trumbull County to liability due to the existence of a policy, custom, or practice which was responsible for the Defendants' improper conduct.

41. That Defendant Trumbull County, despite its prior knowledge of Defendant Malvasi's negligence and conscious disregard of the *Minimum Standards for Jails in Ohio* as well as his negligence and conscious disregard for the terms of his contractual agreement with said County nevertheless, negligently hired and retained Defendant Malvasi as the contractor responsible for the medical care of the inmates incarcerated at the Trumbull County Jail.

42. Defendant Trumbull County's attempt to entirely insulate itself from liability simply by contracting with a third party such as Defendant Malvasi for the medical care of inmates in its Jail constitutes a custom and/or policy and where the care provided is inadequate and constitutes a risk to the health of the inmates displays a deliberate indifference to the constitutional rights of those in their care.

43. Defendants Trumbull County and Malvasi have a history of persistent and widespread constitutional violations and conduct of deliberate indifference in the medical treatment of those in their care and custody and such conduct was tacitly approved and constitutes official policy subjecting the Defendants to liability under 42 USC 1983.

44. As a result of the deliberate indifference and negligence of all of the Defendants, G. WRIGHT was subjected to serious and unnecessary pain and suffering including but not limited to, his ultimate death.

45. The conduct of the Defendants Trumbull County and Malvasi was in violation of clearly established law and under the color of state law.

46. Defendants Trumbull County and Malvasi had no formal process by which G. Wright could file a complaint or grieve the injurious treatment to which he was subject.

V

42 USC 1983 MUNICIPAL LIABILITY

Trumbull County and Malvasi

47. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through forty-six (46), as if fully rewritten herein below.
48. Defendant Trumbull County, the municipality, is liable under 42 U.S.C § 1983 because the egregious and unconstitutional conduct described herein was the result of the execution of a government policy and/or custom by those whose edicts or acts may fairly be said to represent official policy and directly resulted in the injuries suffered by G. Wright.
49. Defendant Malvasi is an independent contractor performing a traditional State function on behalf of Defendant Trumbull County and is liable for its own policy/customs that violated the constitutional rights of the inmates in the Jail.
50. Defendant Trumbull County's policy/custom of totally abdicating the health care and welfare of the inmates to an independent contractor, such as Defendant Malvasi, despite the law of the State of Ohio delegating that duty to the Sheriff, resulted in substantial risk and harm to inmates and constituted the moving force behind the constitutional violations.
51. Defendants Trumbull County's and Malvasi's failure to train their respective staff in the proper and adequate care of inmates incarcerated at the Jail resulted in recurring constitutional violations including, but not limited to, inmates suffering from unnecessary serious physical injuries such as is the obvious consequence of Defendants' failure to develop and implement appropriate and specific training for those entrusted with the medical care of the subject inmates.
52. Defendant Trumbull County has adopted a policy of failing to train its employees which amounts to and constitutes deliberate indifference of the inmate's constitutional rights in a setting where the correctional staff are consistently in contact with the inmates and are in close proximity where they can consistently observe the inmates.

53. Defendants Trumbull County's and Malvasi's collective failure to adequately address the history and custom of injurious unconstitutional conduct in the medical treatment of the inmates in the Jail where it is a common occurrence for inmates to have significant medical issues infers the adoption of a policy or custom of deliberate indifference subjecting them to municipal liability.
54. Defendants Trumbull County and Malvasi, despite the qualifications and specifications set forth in Defendant Malvasi's contract and the obligations imposed upon him therein, knowingly allowed Defendant Malvasi, as a custom/policy to breach and/or violate the terms of their contract by allowing medical assistants such as Defendants Hake and Lobdell to make independent assessments and treatment decisions without supervisory consultation required under Ohio law.
55. The injuries of G. WRIGHT were the result of policies and customs exhibiting the deliberate indifference of the Defendants and for which they are liable under 42 USC 1983.

VI. Deliberate Indifference

All individual Defendants

56. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through fifty-five (55), as if fully rewritten herein below.
57. The Defendants failed to take the obvious and necessary actions required under the circumstances despite their personal observations and/or knowledge of G. Wright's serious medical condition
58. That Defendants knew of and disregarded a substantial risk to the health of G. Wright and were deliberately indifferent to his serious medical needs.
59. That the inaction and omissions of the Defendants constituted deliberate indifference to the serious medical needs of G. Wright.
60. That the inadequacy of the communication system(s) of the Defendants at the Jail constituted deliberate indifference to the serious medical needs of G. Wright and all other persons incarcerated at the Trumbull County Jail.

## VII
## GROSS MEDICAL NEGLIGENCE
### Phillip Malvasi, Rachel Hake and Bethany Ludbell

61. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through sixty (60), as if fully rewritten herein below.

62. Defendant Malvasi through his employees and/or agents Defendants Hake and Lobdell and other medical staff personnel were aware of G. WRIGHT's medical condition.

63. That despite G. WRIGHT's obvious serious medical condition and his complaints, the medical staff failed to administer any care or such care as would be "cursory" and "slight", so minimal and inadequate as to constitute no medical care at all recklessly disregarding the risk to the health and serious medical condition of G. Wright.

64. That for the entire period of G. Wright's incarceration, from May 3, 2017, through May 5, 2017, he was deprived of adequate medical care due to the jail and/or medical staff's negligence.

65. Defendant Malvasi and/or the medical staff he employed, including but not limited to Defendants Hake and Lobdell, in endeavoring to provide G. Wright with medical services, recklessly breached the prevailing professional standard of care by their failure to exercise

66. that level of care, skill, and treatment which, in light of all relevant circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers, in that Defendants:

   -failed to take an adequate medical history.
   -failed to conduct an adequate physical examination.
   -failed to act appropriately, including the failure to properly examine, perform diagnostic tests on, or treat Plaintiff's medical history. symptoms, and complaints. -failed to take appropriate action in light of the repeated complaints and known medical condition of the plaintiff.
   -failed to diagnose and treat Plaintiff's medical condition by appropriate and recognized methods, tests, and procedures.
   -failed to consult with competent and/or knowledgeable medical personnel to determine the consequences of the failure to provide medications.
   -failing to properly diagnose and failing to pursue acceptable procedures Defendants fell below acceptable medical standards.
   -failed to ensure that competent, qualified medical staff were available to treat inmates especially G. WRIGHT experiencing medical emergencies.
   -failed to properly supervise and assigned medical personnel to tasks exceeding their training, education, qualifications and scope of duty under the law.

66. A competent diagnosis, treatment and/or referral to competent medical personnel during the earlier complaints or observances of G. Wright with appropriate procedures or medical referral, hospitalization or consultation with a competent licensed physician could have prevented the subsequent unnecessary pain, suffering and permanent infliction of emotional and death of the Plaintiff.

67. Defendants Hake and Lobdell negligently failed to both detect, diagnose or render the appropriate medical care or take appropriate action with respect to G. Wright's medical condition.

68. That G. Wright's pain and suffering and death complained of herein is the natural and probable consequence of the alleged negligence of Defendants for which they are jointly and severally liable.

## VIII
## Failure to Train
## Trumbull County and Malvasi

69. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through sixty-eight (68), as if fully rewritten herein below.

70. By admitting G. WRIGHT into the Jail, and also through his continued care in the Jail, both Defendants Malvasi and the Trumbull County Defendants breached their duty to provide adequate medical care and safety to him consistent with the laws of the U.S. Courts, laws of the State of Ohio and standard medical and correctional practices.

71. The Defendants Malvasi and Defendant Trumbull County breach of duty included, but is not limited to, failing to train the correctional officers and medical staff to keep G. WRIGHT safe; failing to provide adequate training, failing to ensure the competency of the medical and jail staff in the context and/or scope of medical emergencies.

72. Defendant Trumbull County failed to train correctional staff to objectively assess and determine the needs of medically distressed inmates for emergency care that could not be provided at the Jail, by Defendant Malvasi's medical staff.

73. Defendant Malvasi failed to adequately train his medical staff to objectively assess and determine the need to secure emergency medical care, from outside the Jail, for

medically distressed inmates when no licensed physician or qualified supervisory nurse was on site to administer adequate and competent healthcare treatment.

74. All of the medical staff lacked the training and/or competence to provide proper and/or adequate medical services beyond that permitted by law given their educational credentials as medical assistants.

75. It was predictable that placing a medical assistant, lacking the necessary skills, knowledge and credentials to handle the situations Malvasi they would inevitably confront in the jail setting would lead to violations of the constitutional rights of inmates.

76. Defendant Malvasi's failure to train and supervise his medical assistants in meeting their constitutional obligations demonstrates his own deliberate indifference to the highly predictable consequence that a medical assistant will commit a constitutional violation.

77. Defendant Malvasi's failure to hire supervisory LPN nurses to fulfill his constitutional obligations and contractual obligations demonstrates his deliberate indifference to the highly predictable consequence that a medical assistant will commit a constitutional violation of an inmates right to adequate medical treatment.

78. That Defendant Malvasi negligently failed to have an adequate system of communication in place for the gathering and dissemination of information to medical personnel to ensure the medical safety of G. Wright or any of the persons incarcerated at the Trumbull County Jail.

79. The conduct of Defendants proximately caused G. WRIGHT injury for which they are jointly and severally liable.

IX

Maintenance of An Unconstitutional Policy

42 USC 1983

Pattern Theory

80. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through seventy-nine (79), as if fully rewritten herein below.

81. Defendant Trumbull County has ignored a pattern of similar constitutional violations which occurred in the past and their failure to act to correct the constitutional deficiencies constitutes deliberate indifference.

82. Defendant Trumbull County's policy of inaction constituted deliberate indifference and was the direct cause of the G. WRIGHT's death.

X

Trumbull County
42 U.S.C. § 1983 and State Claims
Negligent Hiring, Supervision and Retention

83. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through eighty-two (82), as if fully rewritten herein below.

84. Defendant Trumbull County's jail officials knew of substantial criticisms and legal actions taken against the said County's contracted medical provider, including its alleged misdiagnosis and delayed medical treatment of inmates, and that because the officials continued to contract with Defendant Malvasi, despite the proven incompetence of the medical assistants for the given tasks and failed to establish policies and training to prevent the provision of inadequate medical care to inmates.

85. Defendant Trumbull County's jail officials consistent and deliberate acquiescence to Defendant Malvasi's failure to properly diagnose prisoner's serious medical needs, which over several years has resulted in the death and or serious emergency treatment of multiple prisoner's states a 42 U.S.C. § 1983 claim against said employees for deliberate indifference to prisoner's serious medical needs in violation of the Eighth and/or Fourteenth Amendment and created an unreasonable risk of harm to the inmates including but not limited to G. Wright.

86. Defendant Trumbull County officials knew of the substantial criticisms, grievances, and legal actions taken against Defendant Malvasi because of Malvasi's inadequate medical care, including his and his medical staff's alleged misdiagnosis and delayed medical treatment of inmates in the Trumbull Jail, as a result of the deliberate indifference its employees were individually liable for the pain and suffering suffered by G. Wright, including his death and injuries to other inmates.

87. Plaintiffs further claims that because Defendant Trumbull County knew of Defendant Malvasi's history of providing inadequate medical care, but continued to contract with him, and failed to establish policies and training to prevent the provision of inadequate

medical care, Defendant County acquiesced in Defendant Malvasi's inadequate medical treatment of G. Wright.

88. The work performed by Defendant Malvasi was/is inherently dangerous because it creates a peculiar risk of harm to others unless special precautions are taken and therefore constituted a non-delegable duty.

## XI

### Punitive Damages

89. Plaintiffs reallege all of the allegations, averments and statements set forth hereinabove in paragraph nos. one (1) through eighty-eight (88), as if fully rewritten herein below.

90. The conduct of Defendant Malvasi and the other named Defendants individual Defendants was so egregious as to shock the conscious warranting the imposition of punitive damages against them jointly and severally.

WHEREFORE, Plaintiffs pray that this Court enter the following judgments against the Defendants, jointly and severally, in an amount in excess of 75,000.00 on each count of the complaint for compensatory damages, as well as punitive damages where appropriate, including but not limited to the following:

A. Award Plaintiffs compensatory and consequential damages in an amount to be determined at trial;

B. Award punitive damages against the individual and corporate defendants in an amount to be determined at trial;

C. Grant injunctive relief including, but not limited to, the County and the Sheriff be under order of the Court to promulgate, adopt, train, maintain and enforce policies to prevent any future unconstitutional conduct as described herein or as the Court deems necessary; D. Award Plaintiffs attorney fees, pre and/or post judgment interest and costs; and

D. Such other relief as the Court deems just and equitable.

Respectfully submitted

/s/Gilbert W.R. Rucker, III
Gilbert W.R. Rucker, III (0034535)
1569 Woodland St.NE, Suite 10
Warren, Ohio 44483
T: 330-647-0855
F:330-399-5172
Email: gruck04@aol.com
/s/Robert Smith, III
Robert Smith, III (0025381)
***Law Offices Of Robert Smith, III, LLC***
3751 Prospect Avenue, East 3rd Floor
Cleveland, Ohio 44115
T:   216-658-6780
F: 216-658-8971
Attorneys for Plaintiffs
Estate of Gregory Wright, et al.

## JURY DEMAND

Plaintiffs hereby demands a jury of the maximum amount of jurors allowed by law.

/s/ Gilbert W.R. Rucker, III
Gilbert W.R. Rucker, III

## CERTIFICATE OF SERVICE

On *May 15, 2018*, the foregoing *First Amended Complaint* was filed via the Court's electronic filing system with notice of this filing being sent to all registered parties. Parties may access this filing through the Court's system.

/s/ Gilbert W.R. Rucker, III
Gilbert W.R. Rucker, III